UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| JOSHUA D. LENENTINE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:23-cv-00208-LEW |
| | ) | |
| AROOSTOOK COUNTY JAIL, | ) | |
| | ) | |
| Defendant | ) | |

**RECOMMENDED DECISION TO DISMISS COMPLAINT**

On May 15, 2023, Plaintiff filed a complaint and an application to proceed without prepayment of fees. (Complaint, ECF No. 1; Motion to Proceed, ECF No. 2.) Because Plaintiff had not provided the required financial information for the Court to rule on Plaintiff's application, on May 16, 2023, the Court ordered Plaintiff to pay the filing fee or file a completed application on or before May 30, 2023. (Order, ECF No. 3.) Through the order, the Court informed Plaintiff that the failure to comply with the order could result in the dismissal of the matter.

Because a review of the record suggested that Plaintiff might not have been incarcerated at the time he filed his complaint, on June 8, 2023, the Court issued an order informing Plaintiff that if he was not incarcerated, he was not required to file jail account information but was required to file a complete application to proceed without prepayment of fees or pay the filing fee. (Order, ECF No. 4.) Through the order, the Court again informed Plaintiff that the failure to comply with the order could result in the dismissal of the matter.

1

Because Plaintiff failed to comply with the orders, on June 27, 2023, the Court issued an order to show cause. (Order, ECF No. 5.) In the show cause order, the Court established July 11, 2023, as the date by which Plaintiff was to show cause in writing as to why he has not complied with the Court's orders and as to why the matter should not be dismissed. As of the date of this order, Plaintiff has not paid the filing fee, filed a completed application to proceed without prepayment of fees, or otherwise complied with the Court's orders. I, therefore, recommend the Court dismiss the matter.

## DISCUSSION

"A district court, as part of its inherent power to manage its own docket, may dismiss a case sua sponte for any of the reasons prescribed in Fed. R. Civ. P. 41(b)." *Cintron-Lorenzo v. Dep't de Asumtos del Consumidor*, 312 F.3d 522, 526 (1st Cir. 2002) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 – 31 (1962)). Federal Rule of Civil Procedure 41(b) authorizes the Court to dismiss an action for a party's failure to prosecute and failure to comply with the Court's orders.

Here, Plaintiff has failed (a) to comply with the Court's orders that required Plaintiff to pay the filing fee or submit a properly completed application to proceed in forma pauperis, or (b) to show cause for his failure to pay the filing fee or submit a properly completed application to proceed in forma pauperis. Plaintiff thus has not only failed to comply with the Court's orders, but insofar as he has neither paid the filing fee nor submitted a complete application to proceed in forma pauperis, Plaintiff has also failed to prosecute his claim. Dismissal, therefore, is warranted.

## CONCLUSION

Based on the foregoing analysis, I recommend the Court dismiss Plaintiff's complaint.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 21st day of July, 2023.